# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AGAVE LOCO LLC, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SAZERAC COMPANY, INC., a Louisiana corporation, and SAZERAC NORTH AMERICA, INC., a Delaware corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No: |

## COMPLAINT

Plaintiff Agave Loco LLC ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants Sazerac Company, Inc. and Sazerac North America, Inc. (collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, and for trademark infringement, unfair competition and deceptive trade practices under the laws of the State of Illinois.

2. This action arises from Defendants' infringement of Plaintiff's RUMCHATA and CHATA trademarks used in connection with Plaintiff's cream-based alcoholic beverage product made with rum. The RUMCHATA and CHATA marks are collectively referred to herein as the "CHATA Marks."

3. In an effort to trade on the valuable goodwill and reputation associated with Plaintiff and its CHATA Marks, Defendants have adopted the confusingly similar 'ORCHATA

mark for use in connection with goods identical in nature to those offered by Plaintiff, namely, cream-based alcoholic beverages made with rum.

4. This conduct is likely to cause confusion with regard to the source, sponsorship or approval of Defendants' product, resulting in the unjust enrichment of Defendants. It is also likely to result in the "passing off" or "palming off" of Defendants' products when Plaintiff's products are sought by consumers.

5. Plaintiff seeks, among other remedies, injunctive relief and an award of profits and actual damages for injuries caused by Defendants' use of the name 'ORCHATA, in violation of the Lanham Act (15 U.S.C. §§ 1051, *et seq.*).

## PARTIES

6. Plaintiff Agave Loco LLC is an Illinois limited liability company having its principal place of business at 1175 Corporate Woods Parkway, Suite 218, Vernon Hills, Illinois.

7. On information and belief, Defendant Sazerac Company, Inc. is a Louisiana corporation having places of business at 3850 N. Causeway Blvd, Suite 1695, Metairie, LA 70002, and at 115 S. LaSalle St., #2310, Chicago, IL 60603.

8. On information and belief, Defendant Sazerac North America, Inc. is a Delaware corporation having places of business at 2001 Highway 60 E, Owensboro, KY 42303, and at 75 Remittance Dr. # 3312, Chicago, IL 60675.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendants because Defendants have engaged in business activities in, and directed to, the State of Illinois and within this judicial district, and because Defendants have knowingly committed tortious acts aimed at, and causing harm within, the State of Illinois and this judicial district. Moreover, on information and belief, Defendants maintain offices in this judicial district.

10. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendants transact business in this district and because events giving rise to the claims asserted herein have occurred, and will continue to occur, within this judicial district. Additionally, the damage to Plaintiff and its intellectual property described herein occurs in this judicial district.

## PLAINTIFF'S BUSINESS AND MARKS

12. Plaintiff is a privately held company founded in 2005 to manufacture, market and sell premium quality alcoholic beverages.

13. As part of its business of providing consumers with premium quality alcoholic beverages, Plaintiff developed an innovative new beverage sold under the CHATA Marks. Such beverage is a cream-based beverage made with rum. Specifically, its ingredients include a unique blend of Caribbean rum and a specially designed cinnamon and cream flavoring. The flavoring was inspired by a beverage originally of Spanish origin called "horchata." In order to achieve the delicious flavor and maintain the high quality standards consumers have come to

3

associate with RUMCHATA and CHATA, each batch of Plaintiff's product is made from scratch (with ingredients originating from as near as Wisconsin and as far away as Madagascar), and it is taste tested and hand bottled at a specialty manufacturing plant located in Wisconsin. Attached as Exhibit 1 is a true and correct photograph of Plaintiff's product.

14. Plaintiff's product sold under the CHATA Marks has become extremely popular with consumers and continues to grow in popularity. Indeed, since its introduction in 2009, nearly five million bottles have been sold, including nearly four million bottles in 2012 alone. One of the leading industry trade publications noted in July 2012 that "[r]ecent Nielsen national scan data ranks RumChata among both the U.S. market's leading rum and cream liqueur brands." *See* http://www.shankennewsdaily.com/index.php/2012/07/05/3454/rum-liqueur-rumchata-enjoying-fast-start-through-cross-category-appeal/, copy attached as Exhibit 2.

15. The tremendous popularity of Plaintiff's product was formally recognized in the beverage industry when Plaintiff's product sold under the CHATA Marks won The Beverage Information Group's Rising Star Brand Growth Award in 2011 and 2012. This award recognizes a brand that has demonstrated notable growth so that operators, retailers and the industry at large can discern existing and emerging trends and tap available opportunities. *See* copy attached as Exhibit 3.

16. Similarly, on September 4, 2012, one of the leading industry trade publications awarded Plaintiff's product sold under the CHATA Marks its annual "Hot Prospects" award. Plaintiff's product sold under its CHATA Marks was the only liqueur of its type awarded this honor, and one of only four products containing rum to receive the award. *See* http://www.shankennewsdaily.com/index.php/2012/09/04/3914/whiskies-top-the-list-of-impact-hot-prospect-winners/, copy attached as Exhibit 4.

17. The popularity of Plaintiff's product results in part from the fact that Plaintiff has expended considerable time, resources and effort in promoting the product throughout the United States. As a result of these efforts, Plaintiff has built substantial recognition, goodwill and secondary meaning, and has developed significant and valuable intellectual property rights, in its CHATA Marks.

18. As a result of Plaintiff's efforts, it has been issued a federal trademark registration by the United States Patent and Trademark Office ("USPTO") for the RUMCHATA mark, in connection with mixed alcoholic beverages. *See* U.S. Trademark Registration No. 3,464,119, copy attached as Exhibit 5. It has also been issued a federal trademark registration by the USPTO for the CHATA mark, in connection with mixed alcoholic beverages. *See* U.S. Trademark Registration No. 4,210,462, copy attached as Exhibit 6.

19. Consumers identify Plaintiff as the single source of products bearing the CHATA Marks.

## DEFENDANTS' BUSINESS AND UNAUTHORIZED CONDUCT

20. Upon information and belief, Defendants develop, produce, bottle, market, distribute and sell alcoholic beverage products.

21. Upon information and belief, long after Plaintiff began using the CHATA Marks, Defendants collaborated to develop and market an alcoholic beverage made with rum and flavored with cinnamon and cream under the mark 'ORCHATA, which would be directly competitive with Plaintiff's product marketed under the CHATA Marks—including by being sold side by side on store shelves in certain retail establishments—and is confusingly similar to the CHATA Marks. On information and belief, the confusingly similar 'ORCHATA mark was adopted with the intent to pass Defendants' product off as Plaintiff's product sold under the

5

CHATA Marks to consumers ordering Plaintiff's product in bars, cocktail lounges and other establishments.

22. Attached as Exhibit 7 are representative depictions of Defendants' 'ORCHATA product packaging. The 'ORCHATA mark is used as a brand name and likely to be perceived as such by consumers. The 'ORCHATA mark is followed by the letters "TM" to designate 'ORCHATA as a trademark claimed by Defendants. Also, the 'ORCHATA mark is the largest and most prominent item on the label for Defendants' 'ORCHATA product. On information and belief, the brand name is the most prominent name, word or phrase on the label of other products sold by Defendants.

23. Defendants never requested authorization or consent from Plaintiff to use the name 'ORCHATA in connection with Defendants' alcoholic beverage made with rum and flavored with cream and cinnamon. Indeed, Plaintiff immediately sent a demand to Defendants requesting that they cease and desist their infringing activities, but Defendants have failed and refused to do so.

24. On information and belief, Defendants intentionally adopted the name 'ORCHATA for the purpose of exploiting and trading on the goodwill, reputation, standing and success associated with Plaintiff's CHATA Marks.

25. On information and belief, the parties' products are competing, or will compete, in the same channels of trade, and have been and/or are likely to be sold side by side on retail store shelves, which enhances the likelihood of confusion. At establishments that sell liqueurs to be consumed on the premises, the phonetic similarity of the brands is also likely to cause confusion.

26. The confusing similarity between Defendant's 'ORCHATA and Plaintiff's CHATA Marks is likely to cause confusion with regard to the source of Defendants' product. Thus, Defendants have been, and continue to be, engaged in acts that are injurious and deceptive to the public and which will cause Plaintiff irreparable harm.

27. The confusingly similar marks of the parties is also likely to result in Defendants' products being passed off or palmed off to consumers requesting Plaintiff's products sold under the CHATA Marks.

28. On information and belief, Defendants were aware of Plaintiff's use of the RUMCHATA mark before commencing marketing of its 'ORCHATA-branded product.

29. On information and belief, Defendants were also aware of Plaintiff's use of the CHATA mark before commencing marketing of its 'ORCHATA-branded product.

30. If allowed to continue, Defendants' conduct will result in irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

31. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 30 of this Complaint.

32. As the owner of the U.S. Trademark Registrations for RUMCHATA and CHATA in connection with mixed alcoholic beverages, Plaintiff is entitled to exclusive use of RUMCHATA and CHATA and any marks confusingly similar thereto in connection with Plaintiff's products throughout the United States.

33. As a result of Plaintiff's widespread and continuous use of the CHATA Marks in commerce, such marks enjoy considerable goodwill that has become associated with Plaintiff and its RUMCHATA product. Furthermore, Plaintiff has taken steps to enforce its rights in the

26. The confusing similarity between Defendant's 'ORCHATA and Plaintiff's CHATA Marks is likely to cause confusion with regard to the source of Defendants' product. Thus, Defendants have been, and continue to be, engaged in acts that are injurious and deceptive to the public and which will cause Plaintiff irreparable harm.

27. The confusingly similar marks of the parties is also likely to result in Defendants' products being passed off or palmed off to consumers requesting Plaintiff's products sold under the CHATA Marks.

28. On information and belief, Defendants were aware of Plaintiff's use of the RUMCHATA mark before commencing marketing of its 'ORCHATA-branded product.

29. On information and belief, Defendants were also aware of Plaintiff's use of the CHATA mark before commencing marketing of its 'ORCHATA-branded product.

30. If allowed to continue, Defendants' conduct will result in irreparable harm to Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

31. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 30 of this Complaint.

32. As the owner of the U.S. Trademark Registrations for RUMCHATA and CHATA in connection with mixed alcoholic beverages, Plaintiff is entitled to exclusive use of RUMCHATA and CHATA and any marks confusingly similar thereto in connection with Plaintiff's products throughout the United States.

33. As a result of Plaintiff's widespread and continuous use of the CHATA Marks in commerce, such marks enjoy considerable goodwill that has become associated with Plaintiff and its RUMCHATA product. Furthermore, Plaintiff has taken steps to enforce its rights in the

CHATA Marks and has demonstrated its commitment to protecting the distinctiveness of such marks.

34. Prior to Defendants' adoption and use of the name 'ORCHATA, Defendants either had actual notice or knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of the registered CHATA Marks.

35. Defendants, in order to cause confusion, mistake or to deceive consumers, and in an attempt to trade on the goodwill, reputation and marketing power established by Plaintiff under the CHATA Marks, deliberately and willfully adopted, commenced to market and used the mark 'ORCHATA in connection with a cream-based alcoholic beverage made with rum that is directly competitive with Plaintiff's RUMCHATA product.

36. Defendants' unauthorized use of the name 'ORCHATA is likely to cause confusion, deception, or mistake with regard to the source of the product, and with regard to the sponsorship, approval or affiliation of Defendants by or with Plaintiff.

37. Defendants' unauthorized use of the name 'ORCHATA deprives Plaintiff of the ability to control consumer perception of the quality of the goods and services marketed under the CHATA Marks and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

38. The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

39. The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

40. Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will

continue to infringe upon the CHATA Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT II
### UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

41. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 40 of this Complaint.

42. Defendants' unauthorized use of the 'ORCHATA mark falsely suggests that their goods and services are connected with, sponsored by, affiliated with, related to and/or approved by Plaintiff and its product marketed under the CHATA Marks.

43. Upon information and belief, Defendants have acted with knowledge of Plaintiff's CHATA Marks and with deliberate intention to unfairly benefit from the goodwill symbolized thereby.

44. Defendants' unauthorized use of a confusingly similar trademark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Plaintiff has been, is now and will be irreparably harmed by Defendants' aforementioned acts of unfair competition and false designation of ownership, and, unless enjoined by the Court, Defendants will continue to infringe upon the Plaintiff's rights. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT III
### COMMON LAW TRADEMARK INFRINGEMENT / UNFAIR COMPETITION

46. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 45 of this Complaint.

47. Because of Plaintiff's significant promotion and advertising efforts under the CHATA Marks, the marks have become uniquely associated with Plaintiff and identify Plaintiff as the source of Plaintiff's product. Plaintiff's CHATA Marks are valid trademarks under the common law.

48. Defendants' acts constitute trademark infringement under the common law.

49. Defendants' unauthorized and infringing use of the 'ORCHATA mark also constitutes unfair competition with Plaintiff under the common law, in that such use enables Defendants to obtain the benefit of, and trade upon, the widespread recognition and goodwill of Plaintiff; Plaintiff has no control over the business of Defendants and its impact on Plaintiff's goodwill; and such use is likely to cause confusion, mistake or deception, and result in the unjust enrichment of Defendants.

50. In addition, Plaintiff has been, is now, and will be irreparably harmed by Defendants' actions complained of herein, and unless enjoined by this Court, Plaintiff will suffer further harm, constituting an injury for which there is no adequate remedy at law.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES (815 ILCS § 510/2, *et seq.*)**

51. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 50 of this Complaint.

52. Defendants have engaged in unfair or deceptive acts or practices, and thereby have created a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of the goods they are offering for sale; created a likelihood of confusion or misunderstanding as to whether Defendants are affiliated, connected or associated with Plaintiff; and otherwise have engaged in conduct creating a likelihood of confusion and/or misunderstanding as to the affiliation with, connection with or certification by another. The

aforementioned acts and/or other activities of Defendants complained of herein are in violation of the Illinois Uniform Deceptive Trade Practices Act.

53. Defendants have willfully engaged in the deceptive trade practices described in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be permanently enjoined and restrained from (a) using in any manner the CHATA Marks, or any colorable imitation of those marks (including, but not limited to, 'ORCHATA), exclusively, or as a dominant portion of any trade name, trademark, service mark or domain name; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of Plaintiff's products, with respect to the source of the products offered for sale, distributed or sold by Defendants, or with regard to there being a connection between Defendants and Plaintiff.

2. A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling goods using the 'ORCHATA mark, as set forth above;

3. A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendants account for and pay to Plaintiff damages arising from Defendants' violation of the Lanham Act;

4. A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendants account for and disgorge to Plaintiff all of the profits realized by Defendants or others in active concert or participation with Defendants, relating to the use of the 'ORCHATA mark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

5. A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate, all articles, promotional items, literature, sales aids or other matter in the possession, custody or control of Defendants or their agents or distributors, bearing any mark confusingly similar to the CHATA Marks, both alone and in combination with other words or terms, including all plates, molds, matrices and other means of making such items;

6. A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing any mark confusingly similar to the CHATA Marks in any manner, or any mark that is confusingly similar to, or a colorable imitation of, the CHATA Marks, both alone and in combination with other words or terms, including but not limited to any text and/or images that are hosted on Defendants' website(s) or any of the Defendants' computers or hard drives or other storage media;

7. A judgment, pursuant to 815 ILCS § 510/3, granting Plaintiff injunctive relief, and allowing Plaintiff to recover its costs and attorneys' fees incurred in connection with this action;

8. A judgment, in connection with the above claims and as allowed under law, awarding punitive damages in favor of Plaintiff in an amount to be determined;

9. A judgment requiring that Defendants pay prejudgment interest; and

10. A judgment granting Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: December 5, 2012                    KATTEN MUCHIN ROSENMAN LLP

By:   /s/ Floyd A. Mandell
    Floyd A. Mandell (#1747681)
    Breighanne A. Eggert (#6289475)
    Thomas J. Maas (#6293270)
    Julia L. Kasper (#6309387)
    KATTEN MUCHIN ROSENMAN LLP
    525 W. Monroe Street
    Chicago, IL 60661-3693
    Telephone: 312.902.5200
    Facsimile: 312.902.1061

*Attorneys for Plaintiff Agave Loco LLC*