# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9698 | **DATE** | 4/19/2013 |
| **CASE TITLE** | AGAVE LOCO LLC v. SAZERAC COMPANY, INC. et al. | | |

**DOCKET ENTRY TEXT**

Defendants Sazerac Company, Inc. and Sazerac North America, Inc.'s motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim [24] is denied. Attorney Heather Dunn Navarro's motion for leave to appear *pro hac vice* on behalf of defendants [36] is granted. Defendants shall answer the complaint by April 30, 2013. **ALL PREVIOUSLY SET DATES STAND. SEE BELOW FOR DETAILS.**

■ [For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Agave Loco LLC ("Agave") sues Sazerac Company, Inc. and Sazerac North America, Inc. (collectively, "Sazerac") for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) (Counts I and II), common law trademark infringement and unfair competition (Count III), and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.* (Count IV). This court has jurisdiction over Agave's claims. 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338, 1367.

The following facts are taken from the complaint. Agave and Sazerac manufacture, market, and sell alcoholic beverages. Compl. ¶¶ 12, 20. Both companies produce a rum-based beverage with cinnamon and cream flavorings. *Id.* ¶¶ 13, 21. Agave was the first to create its beverage inspired by a drink of Spanish origin called "horchata"; Agave sells the beverage under the marks Rumchata and Chata ("the Chata marks"). *Id.* ¶ 13. Agave owns the Chata marks, which are federally registered trademarks. *Id.* ¶ 18 & Exhs. 5-6. Since 2009, Agave has sold nearly five million bottles of its alcoholic beverage, with nearly three quarters of those sales occurring in 2012. *Id.* ¶ 14. Agave's product has received industry recognition and awards due to its popularity and sales growth. *Id.* ¶¶ 14-16. Agave contends this success results from its promotional efforts, which have engendered goodwill and secondary meaning. *Id.* ¶ 17. Agave alleges consumers identify it as the single source of products bearing the Chata marks. *Id.* ¶ 19.

Sazerac developed and marketed its rum and cream liquor, which it sells using the mark "'Orchata," after Agave began using the Chata marks. *Id.* ¶¶ 21, 28-29. Agave claims Sazerac's use of "'Orchata" for its directly competitive product is "confusingly similar" to the Chata marks. *Id.* ¶ 21. Agave contends the similarity between the two products is not coincidental; it claims defendants are intentionally trying to pass

| | Courtroom Deputy Initials: | MG |
|---|---|---|

Case: 1:12-cv-09698 Document #: 38 Filed: 04/19/13 Page 2 of 3 PageID #:246

## STATEMENT

their product off as, and capitalize on the success and popularity of, Agave's product. *Id.* ¶¶ 21, 24. Sazerac moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). It states its product is marketed as "Chila 'Orchata," not "'Orchata," and contends "'orchata" is the phonetic equivalent of "horchata," a generic term in which Agave owns no rights. Defs. Mot. 2-4.

Agave's complaint must contain a short and plain statement of a claim showing it is entitled to relief. Fed. R. Civ. P. 8(a)(2). Agave need only provide enough factual content to show its claims are "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63, 570 (2007). In deciding a motion to dismiss, the court accepts well-pleaded factual allegations as true and draws all reasonable inferences in Agave's favor. *Segal v. Geisha NYC LLC*, 517 F.3d 501, 504 (7th Cir. 2008); *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006).

To prevail on its Lanham Act claims, Agave must establish (1) ownership of a protectible mark and (2) a likelihood of confusion among consumers. *Segal*, 517 F.3d at 506. Agave's common law unfair competition and trademark infringement claims and its deceptive practices claim under Illinois statute involve the same set of facts and are resolved according to the principles set forth under the Lanham Act. *Morningware, Inc. v. Hearthware Home Prods., Inc.*, 673 F. Supp. 2d 630, 639 (N.D. Ill. 2009) (St. Eve, J.); *Thompson v. Spring-Green Lawn Care Corp.*, 466 N.E.2d 1004, 1010, 1015 (Ill. App. Ct. 1984).

Agave's complaint pleads both elements. Allegations that Agave owns the Rumchata and Chata marks, that it developed intellectual property rights in these marks, and that Sazerac's intentional use of "'Orchata" to market its product is likely to result in the "palming off" of defendants' product as plaintiff's product are sufficient allegations to plead the first element. *See Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 765-66 (N.D. Ill. 2008) (Manning, J.) (allegations of trademark ownership and trademark violations sufficient to state a protectible interest). Agave alleges facts sufficient to establish the potential for consumer confusion. In determining likelihood of confusion, courts assess (1) the similarity of marks, (2) the similarity of products, (3) concurrent use of the products, (4) the degree of care likely to be exercised by consumers, (5) the strength of plaintiff's marks, (6) evidence of actual confusion, and (7) defendant's intent to palm off its goods as plaintiff's. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 812 (7th Cir. 2002). Agave's allegations plausibly suggest the second, third, and seventh factors are applicable. Sazerac allegedly sells a rum and cream liquor that directly competes with Agave's, the products are sold side-by-side in stores and drinking establishments, and Sazerac's use of "'Orchata" is an attempt to palm off its product as Agave's.

Sazerac argues Agave's claims fail as a matter of law and must be dismissed because Agave is improperly attempting to expand the scope of its trademarks to monopolize the use of a generic term in which it holds no rights. To reach the result Sazerac urges, the court would need to make several factual determinations, including whether the term "horchata" is a generic term as applied to alcoholic beverages and whether "'orchata" is the equivalent of "horchata." The determination of a term's distinctiveness, including whether the term is generic or too common to protect, is a question of fact improper for resolution on a motion to dismiss. *See Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 83 F.3d 169, 171 (7th Cir. 1996) (genericness is a fact question); *Vulcan Golf*, 552 F. Supp. 2d at 766; *Educ. Tours, Inc. v. Hemisphere Travel, Inc.*, No. 04 C 0559, 2004 WL 887417, at *2 (N.D. Ill. Apr. 26, 2004) (Zagel, J.) (issue of term's genericness inappropriate for resolution on a 12(b)(6) motion to dismiss); *Hot Wax, Inc. v. Grace-Lee Prods., Inc.*, No. 97 C 6882, 1998 WL 664945, at *3 (N.D. Ill. Sept. 15, 1998) (Nordberg, J.) (same).

Sazerac relies on cases addressing motions for summary judgment or for a preliminary injunction examining the merits of plaintiff's claims. *E.g.*, *Mil-Mar Shoe Co. v. Shonac Corp.*, 75

12 C 9698 AGAVE LOCO LLC v. SAZERAC COMPANY, INC. *et al.*                                Page 2 of 3

| STATEMENT |
|---|

F.3d 1153, 1161 (7th Cir. 1996) (preliminary injunction); *Kegan v. Apple Computer, Inc.*, No. 95 C 1339, 1996 WL 667808, at *6-8 (N.D. Ill. Nov. 12, 1996) (Coar, J.) (summary judgment). Sazerac's cases from other districts are neither binding nor persuasive; in fact, one case was recently reversed on this issue. *Solid 21, Inc. v. Breitling USA Inc.*, No. CV 11-0457 GAF (PLAx), 2011 WL 2938209 (C.D. Cal. July 19, 2011) (Feess, J.), *rev'd*, 2013 WL 1116539 (9th Cir. Mar. 19, 2013) (unpublished). The court rejects the argument that Agave's allegation its product was inspired by horchata is a binding admission that "horchata" is a generic term in the context of alcoholic beverages. Agave's complaint does not explicitly state "horchata" is generic, and, on a motion to dismiss, allegations are construed in Agave's favor. Finally, the court disregards the materials Sazerac cites to bolster its argument that "horchata" is generic. The motion fails for the reasons stated even if the items are proper subjects for judicial notice.

*Suzanne B. Conlon*