**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AGAVE LOCO LLC, an Illinois limited liability company, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:12-cv-09698 |
| v. | ) |
| | ) Judge Suzanne B. Conlon |
| SAZERAC COMPANY, INC., a Louisiana corporation, and SAZERAC NORTH AMERICA, INC., a Delaware corporation, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF DEFENDANTS SAZERAC COMPANY, INC. AND SAZERAC NORTH AMERICA, INC.

Defendants Sazerac Company, Inc. and Sazerac North America, Inc. (hereinafter, collectively "Sazerac"), by and through their undersigned counsel, submit this answer ("Answer") to the Complaint ("Complaint") filed by Plaintiff Agave Loco LLC ("Plaintiff") on December 5, 2012 as set forth below:

### NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq., and for trademark infringement, unfair competition and deceptive trade practices under the laws of the State of Illinois.

**Sazerac's Answer:**

Answering Paragraph 1 of the Complaint, Sazerac avers that no response is required because this paragraph contains legal assertions, legal conclusions, or legal formalities. To the extent a response is required, Sazerac admits that the Complaint purports to assert claims for trademark infringement and unfair competition under the Trademark Act of 1946, as amended,

15 U.S.C. §§ 1051, et seq., and for trademark infringement, unfair competition and deceptive trade practices under the laws of the State of Illinois.

2.　　　This action arises from Defendants' infringement of Plaintiff's RUMCHATA and CHATA trademarks used in connection with Plaintiff's cream-based alcoholic beverage product made with rum.　The RUMCHATA and CHATA marks are collectively referred to herein as the "CHATA Marks."

**Sazerac's Answer:**

Answering Paragraph 2 of the Complaint, Sazerac denies infringement of Plaintiff's marks and avers that no response is otherwise required to the allegations in this paragraph because this paragraph contains legal assertions, legal conclusions, or legal formalities.

3.　　　In an effort to trade on the valuable goodwill and reputation associated with Plaintiff and its CHATA Marks, Defendants have adopted the confusingly similar 'ORCHATA mark for use in connection with goods identical in nature to those offered by Plaintiff, namely, cream-based alcoholic beverages made with rum.

**Sazerac's Answer:**

Answering paragraph 3 of the Complaint, Sazerac admits that it uses the mark CHILA 'ORCHATA in connection with a cinnamon cream rum product.　Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

4.　　　This conduct is likely to cause confusion with regard to the source, sponsorship or approval of Defendants' product, resulting in the unjust enrichment of Defendants. It is also likely to result in the "passing off" or "palming off" of Defendants' products when Plaintiff's products are sought by consumers.

**Sazerac's Answer:**

Answering paragraph 4 of the Complaint, Sazerac denies each and every allegation therein.

5.      Plaintiff seeks, among other remedies, injunctive relief and an award of profits and actual damages for injuries caused by Defendants' use of the name 'ORCHATA, in violation of the Lanham Act (15 U.S.C. §§ 1051, *et seq*.).

**Sazerac's Answer:**

Answering Paragraph 5 of the Complaint, Sazerac admits that Plaintiff seeks injunctive relief and an award of profits and actual damages for injuries alleged in the Complaint but Sazerac denies that Plaintiff is entitled to the relief requested or any other relief.  Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

## PARTIES

6.      Plaintiff Agave Loco LLC is an Illinois limited liability company having its principal place of business at 1175 Corporate Woods Parkway, Suite 218, Vernon Hills, Illinois.

**Sazerac's Answer:**

Answering paragraph 6 of the Complaint, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

7.      On information and belief, Defendant Sazerac Company, Inc. is a Louisiana corporation having places of business at 3850 N. Causeway Blvd, Suite 1695, Metairie, LA 70002, and at 115 S. LaSalle St., #2310, Chicago, IL 60603.

**Sazerac's Answer:**

Answering paragraph 7 of the Complaint, Sazerac admits that Sazerac Company, Inc. is a Louisiana corporation having places of business at 3850 N. Causeway Blvd, Suite 1695, Metairie, LA 70002 and 115 S. LaSalle St., #2300, Chicago, IL. 60603. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

8.      On information and belief, Defendant Sazerac North America, Inc. is a Delaware corporation having places of business at 2001 Highway 60 E, Owensboro, KY 42303, and at 75 Remittance Dr. # 3312, Chicago, IL 60675.

**Sazerac's Answer:**

Answering paragraph 8 of the Complaint, Sazerac admits that Sazerac North America, Inc. is a Delaware corporation having a place of business at 2001 Highway 60 E, Owensboro, KY 42303. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over Defendants because Defendants have engaged in business activities in, and directed to, the State of Illinois and within this judicial district, and because Defendants have knowingly committed tortious acts aimed at, and causing harm within, the State of Illinois and this judicial district. Moreover, on information and belief, Defendants maintain offices in this judicial district.

**Sazerac's Answer:**

Answering Paragraph 9 of the Complaint, Sazerac avers that no response is required because this paragraph contains legal assertions, legal conclusions, or legal formalities. To the extent a response is required, Sazerac admits that it is engaged in business activity in the State of

Illinois and in this judicial district and has an office in Chicago. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

10.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127.

**Sazerac's Answer:**

Answering Paragraph 10 of the Complaint, Sazerac avers that no response is required because this paragraph contains legal assertions, legal conclusions, or legal formalities. To the extent a response is required, Sazerac admits that Plaintiff purports to assert claims based on violations of the Lanham Act and further admits that this Court has subject matter jurisdiction over claims arising under these federal statutes. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendants transact business in this district and because events giving rise to the claims asserted herein have occurred, and will continue to occur, within this judicial district. Additionally, the damage to Plaintiff and its intellectual property described herein occurs in this judicial district.

**Sazerac's Answer:**

Answering Paragraph 11 of the Complaint, Sazerac avers that no response is required because this paragraph contains legal assertions, legal conclusions, or legal formalities. To the extent a response is required, Sazerac admits that it transacts business in this district. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

## PLAINTIFF'S BUSINESS AND MARKS

12.     Plaintiff is a privately held company founded in 2005 to manufacture, market and sell premium quality alcoholic beverages.

**Sazerac's Answer:**

Answering paragraph 12 of the Complaint, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

13.     As part of its business of providing consumers with premium quality alcoholic beverages, Plaintiff developed an innovative new beverage sold under the CHATA Marks.  Such beverage is a cream-based beverage made with rum. Specifically, its ingredients include a unique blend of Caribbean rum and a specially designed cinnamon and cream flavoring.  The flavoring was inspired by a beverage originally of Spanish origin called "horchata."  In order to achieve the delicious flavor and maintain the high quality standards consumers have come to associate with RUMCHATA and CHATA, each batch of Plaintiff's product is made from scratch (with ingredients originating from as near as Wisconsin and as far away as Madagascar), and it is taste tested and hand bottled at a specialty manufacturing plant located in Wisconsin.  Attached as Exhibit 1 is a true and correct photograph of Plaintiff's product.

**Sazerac's Answer:**

Answering paragraph 13 of the Complaint, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

14.     Plaintiff's product sold under the CHATA Marks has become extremely popular with consumers and continues to grow in popularity. Indeed, since its introduction in 2009,

6

nearly five million bottles have been sold, including nearly four million bottles in 2012 alone. One of the leading industry trade publications noted in July 2012 that "[r]ecent Nielsen national scan data ranks RumChata among both the U.S. market's leading rum and cream liqueur brands." *See* http://www.shankennewsdaily.com/index.php/2012/07/05/3454/rum-liqueur-rumchata-enjoying-fast-start-through-cross-category-appeal/, copy attached as Exhibit 2.

**Sazerac's Answer:**

Answering paragraph 14 of the Complaint, Sazerac avers that Exhibit 2 to the Complaint speaks for itself. Except as expressly averred, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation in this paragraph.

15. The tremendous popularity of Plaintiff's product was formally recognized in the beverage industry when Plaintiff's product sold under the CHATA Marks won The Beverage Information Group's Rising Star Brand Growth Award in 2011 and 2012. This award recognizes a brand that has demonstrated notable growth so that operators, retailers and the industry at large can discern existing and emerging trends and tap available opportunities. *See* copy attached as Exhibit 3.

**Sazerac's Answer:**

Answering paragraph 15 of the Complaint, Sazerac avers that Exhibit 3 to the Complaint speaks for itself. Except as expressly averred, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation in this paragraph.

16. Similarly, on September 4, 2012, one of the leading industry trade publications awarded Plaintiff's product sold under the CHATA Marks its annual "Hot Prospects" award.

Plaintiff's product sold under its CHATA Marks was the only liqueur of its type awarded this honor, and one of only four products containing rum to receive the award. *See* http://www.shankennewsdaily.com/index.php/2012/09/04/3914/whiskies-top-the-list-of-impact-hot-prospect-winners/, copy attached as Exhibit 4.

**Sazerac's Answer:**

Answering paragraph 16 of the Complaint, Sazerac avers that Exhibit 4 to the Complaint speaks for itself.  Except as expressly averred, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

17.     The popularity of Plaintiff's product results in part from the fact that Plaintiff has expended considerable time, resources and effort in promoting the product throughout the United States.  As a result of these efforts, Plaintiff has built substantial recognition, goodwill and secondary meaning, and has developed significant and valuable intellectual property rights, in its CHATA Marks.

**Sazerac's Answer:**

Answering paragraph 17 of the Complaint, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

18.     As a result of Plaintiff's efforts, it has been issued a federal trademark registration by the United States Patent and Trademark Office ("USPTO") for the RUMCHATA mark, in connection with mixed alcoholic beverages. *See* U.S. Trademark Registration No. 3,464,119, copy attached as Exhibit 5.  It has also been issued a federal trademark registration by the

USPTO for the CHATA mark, in connection with mixed alcoholic beverages. *See* U.S. Trademark Registration No. 4,210,462, copy attached as Exhibit 6.

**Sazerac's Answer:**

Answering paragraph 18 of the Complaint, Sazerac admits that, as of the filing date of this Answer, the records of the USPTO reflect that Plaintiff is the owner of U.S. Trademark Registrations Nos. 3,464,119 and 4,210,462, which registrations speak for themselves. Except as expressly admitted, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation in this paragraph.

19.     Consumers identify Plaintiff as the single source of products bearing the CHATA Marks.

**Sazerac's Answer:**

Answering paragraph 19 of the Complaint, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

**DEFENDANTS' BUSINESS AND UNAUTHORIZED CONDUCT**

20.     Upon information and belief, Defendants develop, produce, bottle, market, distribute and sell alcoholic beverage products.

**Sazerac's Answer:**

Answering paragraph 20 of the Complaint, Sazerac admits the allegations therein.

21.     Upon information and belief, long after Plaintiff began using the CHATA Marks, Defendants collaborated to develop and market an alcoholic beverage made with rum and flavored with cinnamon and cream under the mark 'ORCHATA, which would be directly

9

competitive with Plaintiff's product marketed under the CHATA Marks—including by being sold side by side on store shelves in certain retail establishments—and is confusingly similar to the CHATA Marks. On information and belief, the confusingly similar 'ORCHATA mark was adopted with the intent to pass Defendants' product off as Plaintiff's product sold under the CHATA Marks to consumers ordering Plaintiff's product in bars, cocktail lounges and other establishments.

**Sazerac's Answer:**

Answering paragraph 21 of the Complaint, Sazerac admits that it markets a cinnamon cream rum product under the mark CHILA 'ORCHATA. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

22.     Attached as Exhibit 7 are representative depictions of Defendants' 'ORCHATA product packaging. The 'ORCHATA mark is used as a brand name and likely to be perceived as such by consumers. The 'ORCHATA mark is followed by the letters "TM" to designate 'ORCHATA as a trademark claimed by Defendants. Also, the 'ORCHATA mark is the largest and most prominent item on the label for Defendants' 'ORCHATA product. On information and belief, the brand name is the most prominent name, word or phrase on the label of other products sold by Defendants.

**Sazerac's Answer:**

Answering paragraph 22 of the Complaint, Sazerac admits that Exhibit 7 to the Complaint contains a copy of the Application for and Certificate/Exemption of Label/Bottle Approval filed by Sazerac North America, Inc., along with a photo depicting a bottle of Sazerac's CHILA 'ORCHATA product, which Application and photograph speak for

themselves. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

23. Defendants never requested authorization or consent from Plaintiff to use the name 'ORCHATA in connection with Defendants' alcoholic beverage made with rum and flavored with cream and cinnamon. Indeed, Plaintiff immediately sent a demand to Defendants requesting that they cease and desist their infringing activities, but Defendants have failed and refused to do so.

**Sazerac's Answer:**

Answering the first sentence of paragraph 23 of the Complaint, Sazerac admits the allegations therein. Answering the second sentence, Sazerac admits that it received a letter sent by counsel for Plaintiff dated October 31, 2012, which letter speaks for itself. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

24. On information and belief, Defendants intentionally adopted the name 'ORCHATA for the purpose of exploiting and trading on the goodwill, reputation, standing and success associated with Plaintiff's CHATA Marks.

**Sazerac's Answer:**

Answering paragraph 24 of the Complaint, Sazerac denies each and every allegation therein.

25. On information and belief, the parties' products are competing, or will compete, in the same channels of trade, and have been and/or are likely to be sold side by side on retail store shelves, which enhances the likelihood of confusion. At establishments that sell liqueurs to be consumed on the premises, the phonetic similarity of the brands is also likely to cause confusion.

**Sazerac's Answer:**

Answering paragraph 25 of the Complaint, Sazerac admits that the parties' offer alcoholic beverages through similar channels of trade. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

26.     The confusing similarity between Defendant's 'ORCHATA and Plaintiff's CHATA Marks is likely to cause confusion with regard to the source of Defendants' product. Thus, Defendants have been, and continue to be, engaged in acts that are injurious and deceptive to the public and which will cause Plaintiff irreparable harm.

**Sazerac's Answer:**

Answering paragraph 26 of the Complaint, Sazerac denies each and every allegation therein.

27.     The confusingly similar marks of the parties is also likely to result in Defendants' products being passed off or palmed off to consumers requesting Plaintiff's products sold under the CHATA Marks.

**Sazerac's Answer:**

Answering paragraph 27 of the Complaint, Sazerac denies each and every allegation therein.

28.     On information and belief, Defendants were aware of Plaintiff's use of the RUMCHATA mark before commencing marketing of its 'ORCHATA-branded product.

**Sazerac's Answer:**

Answering paragraph 28 of the Complaint, Sazerac admits it was aware of the RUMCHATA product before the commencing marketing of its CHILA 'ORCHATA product. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

29.     On information and belief, Defendants were also aware of Plaintiff's use of the CHATA mark before commencing marketing of its' ORCHATA-branded product.

**Sazerac's Answer:**

Answering paragraph 29 of the Complaint, Sazerac denies each and every allegation therein.

30.     If allowed to continue, Defendants' conduct will result in irreparable harm to Plaintiff.

**Sazerac's Answer:**

Answering paragraph 30 of the Complaint, Sazerac denies each and every allegation therein.

**COUNT I**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

31.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 30 of this Complaint.

**Sazerac's Answer:**

Sazerac incorporates by reference and realleges its answers to paragraphs 1 through 30 as if fully set forth herein.

32.     As the owner of the U.S. Trademark Registrations for RUMCHATA and CHATA in connection with mixed alcoholic beverages, Plaintiff is entitled to exclusive use of

RUMCHATA and CHATA and any marks confusingly similar thereto in connection with Plaintiff's products throughout the United States.

**Sazerac's Answer:**

Answering Paragraph 32 of the Complaint, Sazerac avers that no response is required because this paragraph contains legal assertions, legal conclusions, or legal formalities. To the extent a response is required, Sazerac admits that, as of the filing of this answer, the records of the USPTO reflect that Plaintiff is the owner of U.S. Trademark Registrations for RUMCHATA and CHATA, which registrations speak for themselves. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

33.     As a result of Plaintiff's widespread and continuous use of the CHATA Marks in commerce, such marks enjoy considerable goodwill that has become associated with Plaintiff and its RUMCHATA product. Furthermore, Plaintiff has taken steps to enforce its rights in the CHATA Marks and has demonstrated its commitment to protecting the distinctiveness of such marks.

**Sazerac's Answer:**

Answering paragraph 33 of the Complaint, Sazerac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies each and every allegation therein.

34.     Prior to Defendants' adoption and use of the name 'ORCHATA, Defendants either had actual notice or knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of the registered CHATA Marks.

**Sazerac's Answer:**

Answering paragraph 34 of the Complaint, Sazerac admits that it knew of the U.S. trademark registration for the mark RUMCHATA prior to Sazerac's adoption and use of the product name CHILA 'ORCHATA. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

35. Defendants, in order to cause confusion, mistake or to deceive consumers, and in an attempt to trade on the goodwill, reputation and marketing power established by Plaintiff under the CHATA Marks, deliberately and willfully adopted, commenced to market and used the mark 'ORCHATA in connection with a cream-based alcoholic beverage made with rum that is directly competitive with Plaintiff's RUMCHATA product.

**Sazerac's Answer:**

Answering paragraph 35 of the Complaint, Sazerac admits that it uses the mark CHILA 'ORCHATA in connection with a cinnamon cream rum. Except as expressly admitted, Sazerac denies each and every allegation in this paragraph.

36. Defendants' unauthorized use of the name 'ORCHATA is likely to cause confusion, deception, or mistake with regard to the source of the product, and with regard to the sponsorship, approval or affiliation of Defendants by or with Plaintiff.

**Sazerac's Answer:**

Answering paragraph 36 of the Complaint, Sazerac denies each and every allegation therein.

37. Defendants' unauthorized use of the name 'ORCHATA deprives Plaintiff of the ability to control consumer perception of the quality of the goods and services marketed under

the CHATA Marks and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

**Sazerac's Answer:**

Answering paragraph 37 of the Complaint, Sazerac denies each and every allegation therein.

38. The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

**Sazerac's Answer:**

Answering paragraph 38 of the Complaint, Sazerac denies each and every allegation therein.

39. The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

**Sazerac's Answer:**

Answering paragraph 39 of the Complaint, Sazerac denies each and every allegation therein.

40. Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe upon the CHATA Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**Sazerac's Answer:**

Answering paragraph 40 of the Complaint, Sazerac denies each and every allegation therein.

## COUNT II
## UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

41.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 40 of this Complaint.

**Sazerac's Answer:**

Sazerac incorporates by reference and realleges its answers to paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants' unauthorized use of the 'ORCHATA mark falsely suggests that their goods and services are connected with, sponsored by, affiliated with, related to and/or approved by Plaintiff and its product marketed under the CHATA Marks.

**Sazerac's Answer:**

Answering paragraph 42 of the Complaint, Sazerac denies each and every allegation therein.

43.     Upon information and belief, Defendants have acted with knowledge of Plaintiff's CHATA Marks and with deliberate intention to unfairly benefit from the goodwill symbolized thereby.

**Sazerac's Answer:**

Answering paragraph 43 of the Complaint, Sazerac denies each and every allegation therein.

44.     Defendants' unauthorized use of a confusingly similar trademark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Sazerac's Answer:**

Answering paragraph 44 of the Complaint, Sazerac denies each and every allegation therein.

45.     Plaintiff has been, is now and will be irreparably harmed by Defendants' aforementioned acts of unfair competition and false designation of ownership, and, unless enjoined by the Court, Defendants will continue to infringe upon the Plaintiff's rights. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**Sazerac's Answer:**

Answering paragraph 45 of the Complaint, Sazerac denies each and every allegation therein.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT / UNFAIR COMPETITION**

46.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 45 of this Complaint.

**Sazerac's Answer:**

Sazerac incorporates by reference and realleges its answers to paragraphs 1 through 45 as if fully set forth herein.

47.     Because of Plaintiff's significant promotion and advertising efforts under the CHATA Marks, the marks have become uniquely associated with Plaintiff and identify Plaintiff as the source of Plaintiff's product.  Plaintiff's CHATA Marks are valid trademarks under the common law.

**Sazerac's Answer:**

Answering Paragraph 47 of the Complaint, Sazerac denies each and every allegation therein.

48.     Defendants' acts constitute trademark infringement under the common law.

**Sazerac's Answer:**

Answering paragraph 48 of the Complaint, Sazerac denies each and every allegation therein.

49.     Defendants' unauthorized and infringing use of the 'ORCHATA mark also constitutes unfair competition with Plaintiff under the common law, in that such use enables Defendants to obtain the benefit of, and trade upon, the widespread recognition and goodwill of Plaintiff; Plaintiff has no control over the business of Defendants and its impact on Plaintiff's goodwill; and such use is likely to cause confusion, mistake or deception, and result in the unjust enrichment of Defendants.

**Sazerac's Answer:**

Answering paragraph 49 of the Complaint, Sazerac denies each and every allegation therein.

50.     In addition, Plaintiff has been, is now, and will be irreparably harmed by Defendants' actions complained of herein, and unless enjoined by this Court, Plaintiff will suffer further harm, constituting an injury for which there is no adequate remedy at law.

**Sazerac's Answer:**

Answering paragraph 50 of the Complaint, Sazerac denies each and every allegation therein.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES (815 ILCS § 510/2,** *et seq.***)**

51.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 50 of this Complaint.

**Sazerac's Answer:**

Sazerac incorporates by reference and realleges its answers to paragraphs 1 through 50 as if fully set forth herein.

52.     Defendants have engaged in unfair or deceptive acts or practices, and thereby have created a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of the goods they are offering for sale; created a likelihood of confusion or misunderstanding as to whether Defendants are affiliated, connected or associated with Plaintiff; and otherwise have engaged in conduct creating a likelihood of confusion and/or misunderstanding as to the affiliation with, connection with or certification by another. The aforementioned acts and/or other activities of Defendants complained of herein are in violation of the Illinois Uniform Deceptive Trade Practices Act.

**Sazerac's Answer:**

Answering paragraph 52 of the Complaint, Sazerac denies each and every allegation therein.

53.     Defendants have willfully engaged in the deceptive trade practices described in this Complaint.

**Sazerac's Answer:**

Answering paragraph 53 of the Complaint, Sazerac denies each and every allegation therein.

## **PRAYER FOR RELIEF**

Answering the paragraphs of the Complaint under the heading "Prayer for Relief," Sazerac admits that Plaintiff purports to seek remedies in this action, but denies that Plaintiff is

entitled to any declaratory, injunctive, monetary or other relief such as fees or costs against Sazerac.

## JURY DEMAND

Answering the paragraph of the Complaint under the heading "Jury Demand," Sazerac admits that Plaintiff has requested a jury trial.

## DENIAL OF ALL REMAINING ALLEGATIONS

To the extent any allegation in the Counterclaims remains unanswered, Sazerac denies each and every such allegation.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Sazerac alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every allegation contained therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### THIRD AFFIRMATIVE DEFENSE
### (Additional Defenses)

Sazerac presently has insufficient knowledge or information upon which to form a belief as to whether it has additional affirmative defenses available. Accordingly, Sazerac hereby reserves the right to assert additional affirmative defenses in the event it determines that such defenses are appropriate.

Dated:  April 30, 2013

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Kara E.F. Cenar
Kara E.F. Cenar, IL Bar No. 6198864
Mariangela M. Seale, IL Bar No. 6293433
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone:     (312) 602-5000
Facsimile:     (312) 602-5050

COOLEY LLP
Janet L. Cullum (*pro hac vice*)
1114 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 479-6000
Facsimile:     (212) 479-6275

COOLEY LLP
Todd S. Bontemps (*pro hac vice*)
Heather Dunn Navarro (*pro hac vice*)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94304-1130
Telephone:     (650) 843 5490
Facsimile:     (650) 849 7400

*Attorneys for Defendants Sazerac Company,
Inc. and Sazerac North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was served on this 30th day of April 2013 via ECF to counsel of record.


_____ /s/ Kara E.F. Cenar _____

836323 v4/SD